**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12829
Non-Argument Calendar
_____

In re: ECI PHARMACEUTICALS, LLC,

*Debtor.*

_____

ACUTE, INC.,

*Plaintiff-Appellant,*

*versus*

ECI PHARMACEUTICALS, LLC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-61915-RAR
_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This case involves consolidated appeals from two actions taken by the bankruptcy court during the bankruptcy of ECI Pharmaceuticals, LLC.  First, the court issued a sale order, which authorized ECI to sell virtually all of its assets to Acute, Inc.  ECI and Acute had previously executed an asset purchase agreement, which set out the terms of the sale.  After the court issued the sale order, Acute moved for reconsideration, which the court denied.  Second, the bankruptcy court confirmed a liquidation plan proposed by ECI and one of its affiliates.

Acute appealed the sale order (together with the denial of Acute's motion for reconsideration) and the confirmation order to the district court, which, after consolidating the appeals, dismissed both.  Acute then filed a motion for reconsideration of the confirmation-order dismissal, which the district court denied.

After careful review, we **AFFIRM**.

**I**

We first take up the district court's dismissal of the appeal related to the sale order.  "[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).  In its initial brief, Acute lays out five issues related to the sale order.  But it provides no "further argument or discussion" on these topics. *Id.*  As a result, Acute has abandoned its challenges to the sale order and the denial of its motion for reconsideration.

## II

We next turn to the district court's dismissal of the confirmation-order appeal. We first address whether Acute forfeited its challenge to the confirmation order, and then consider whether the district court abused its discretion by denying Acute's motion for reconsideration.

## A

First, the forfeiture issue.[1] In general, an appellate court will not consider issues that the parties failed to raise before the bankruptcy court. *See In re Lett*, 632 F.3d 1216, 1226 (11th Cir. 2011). After all, "bankruptcy cases are to be tried in bankruptcy court"— not in appellate courts reviewing bankruptcy decisions. *Id.* (citation modified). It's undisputed that Acute failed to object to the confirmation order before the bankruptcy court. So, barring extenuating circumstances, it would have been improper for the district court to consider Acute's appeal of the confirmation order.[2]

We have held that five circumstances permit an appellate court to consider a forfeited issue:

---

[1] Forfeiture is a question of law, which we review de novo. *See In re Lett*, 632 F.3d 1216, 1225 (11th Cir. 2011).

[2] Acute also argues that the district court erred by sua sponte invoking forfeiture. We disagree with this view of the procedural history. On our read, ECI's motion to dismiss raised forfeiture.

First, an appellate court will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice. Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the [bankruptcy] court level. Third, the rule does not bar consideration by the appellate court in the first instance where the interest of substantial justice is at stake. Fourth, a federal appellate court is justified in resolving an issue not passed on below . . . where the proper resolution is beyond any doubt. Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (citation modified). None of these circumstances justifies considering Acute's forfeited objection to the plan.

First, the question whether the plan's third-party release is valid under *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), is not a pure question of law. To answer this question, a court must first determine the release's content—a factual endeavor. So the question is best described as a mixed question of law and fact—one that requires the application of *Purdue Pharma* to the specifics of the plan.

Second, Acute had an opportunity to raise its objection to the confirmation order before the bankruptcy court, as the company received PACER notices of filings in ECI's bankruptcy case and therefore had actual notice of the proposed plan. Acute makes two arguments in response. First, it asserts that this notice was constitutionally deficient and violated the company's due process rights. But, following the Supreme Court's lead, we have recognized that "[a] creditor's due process rights ha[ve] been 'more than satisfied'" when "the creditor 'receive[s] *actual* notice of the filing and contents of' the debtor's plan." *In re Le Ctr. on Fourth, LLC*, 17 F.4th 1326, 1335 (11th Cir. 2021) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010)). Accordingly, Acute's due process rights were respected because it received notice that the plan was filed and had access to its contents.[3] Second, Acute argues that it was reasonable for it to fail to read the 120-page-long plan—and therefore not know about the problematic third-party release—because it had no economic incentive to parse the plan's details. But both we and the Supreme Court have rejected nearly identical arguments. *In re Le Ctr. on Fourth*, 17 F.4th at 1335 (citing *Espinosa*, 559 U.S. at 272). As in those cases, Acute "could have read the copy of the bankruptcy plan it received." *Id.*

Third, substantial justice is not at stake. The only substantial-justice issue that Acute raises is the purported deprivation of its

---

[3] Although Acute is not a creditor, *In re Le Centre on Fourth*'s principle that due process is satisfied when a creditor receives actual notice applies with equal force to interested parties like Acute.

due process rights.  But, for reasons already explained, Acute's due process rights were respected.

Fourth, the proper resolution of whether the plan's third-party release is valid under *Purdue Pharma* is not beyond any doubt. *Purdue Pharma* is not so clearly dispositive that Acute is guaranteed to prevail on the merits; as the district court pointed out, bankruptcy courts have differed in their interpretations of what *Purdue Pharma* requires for a third-party release to be consensual.[4]

Fifth, and finally, we conclude that the question whether the plan's third-party release is valid doesn't "present[] significant questions of general impact or of great public concern." *Access Now*, 385 F.3d at 1332.  Although weighty questions—like whether *Purdue Pharma* precludes certain types of third-party releases—may be raised by this case, the ultimate question whether *this* plan is permissible under *Purdue Pharma* is fact-bound.  Because any decision would hinge on the specific facts of the plan, a ruling would likely "shed little light" on *Purdue Pharma*–based challenges writ large. *See id.* at 1335.

★    ★    ★

---

[4] Acute argues that the district court's reliance on this split was predicated on a factual error: the court's purported finding that the plan included an opt-out provision.  We think that regardless of whether the plan had an explicit opt-out provision, the debate among bankruptcy courts over *Purdue Pharma*'s scope indicates that the decision does not guarantee Acute's victory.

25-12829            Opinion of the Court            7

In sum, Acute forfeited its objection to the plan by failing to raise it before the bankruptcy court, and no exceptional circumstance justifies reviving Acute's forfeited challenge.

**B**

Second, we address the district court's denial of Acute's motion for reconsideration, which Acute brought pursuant to Federal Rule of Bankruptcy Procedure 8022 after the court dismissed its appeal on forfeiture grounds.[5] We hold that Acute has failed to show that the district court "overlooked or misapprehended" a point of law, Fed. R. Bankr. P. 8022(a)(2), and therefore the district court didn't abuse its discretion in denying the motion.

Acute offers a few reasons why the district court erred by denying the motion for reconsideration. First, Acute argues that the court incorrectly concluded that it didn't raise the issue of due process in earlier briefing. But even assuming that Acute properly presented due process issues to the district court, we've already explained that Acute's due process rights were satisfied.

Second, Acute argues that *In re Lett* provides that a would-be objector doesn't need to file an objection before the bankruptcy court to preserve an appeal, so long as the record before the bankruptcy court was sufficiently developed. This, according to Acute,

---

[5] We review the district court's denial of a motion for reconsideration for abuse of discretion. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) ("The decision to alter or amend a judgment is committed to the sound discretion of the district court.").

means that the district court erred by concluding that it forfeited its objections to the plan. Acute reads *In re Lett* too broadly. That case addressed whether an impaired creditor in a dissenting class had to object to a Chapter 11 "cramdown" in order to preserve an issue for appeal—a scenario quite different from the one we face here. *In re Lett*, 632 F.3d at 1229. *In re Lett* didn't change how our forfeiture precedent applies to mine-run cases, so the district court didn't "misapprehend" the case by concluding that it is inapplicable here. Fed R. Bankr. P. 8022(a)(2).

Third, Acute argues that the district court erred by not excusing its forfeiture under the civil plain-error rule. But Acute didn't raise the rule prior to the district court's dismissal order. Because Acute didn't properly present this issue to the district court, we conclude that the court didn't "overlook" it by not addressing it in the dismissal order.[6] *Id.*

### III

In sum: Acute has abandoned its challenge to the sale order and the district court's denial of its sale-order motion for reconsideration. And the district court properly dismissed Acute's appeal

---

[6] We note that although the district court didn't explicitly address the civil plain-error rule, it did so implicitly. The civil plain-error rule overlaps with the first of the five circumstances in which an appellate court may hear issues raised for the first time on appeal: when the issue involves a pure question of law and refusal to consider the issue would result in a miscarriage of justice. *See In re Lett*, 632 F.3d at 1227 & n.22. The district court concluded that the validity of the plan didn't present a pure question of law, a conclusion with which, for reasons already explained, we agree.

25-12829            Opinion of the Court                    9

of the confirmation order and denied its related motion for recon-
sideration.

**AFFIRMED.**